IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-204-D
No. 5:11-CV-605-D

| | |
|---|---|
| ZHIVARGO KINTA JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 27, 2011, Zhivargo Kinta Jenkins ("Jenkins") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 75]. On December 14, 2011, the government responded in opposition to Jenkins's motion [D.E. 79]. As explained below, the court denies Jenkins's motion.

On August 3, 2005, a grand jury returned a three-count indictment that charged Jenkins with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, one count of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) [D.E. 1]. The indictment also alleged that Jenkins violated 21 U.S.C. § 841(a)(1) after being convicted of one or more felony drug offenses. Id. On April 3, 2006, Jenkins pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm (count one) and possession with intent to distribute cocaine base (count two) [D.E. 41]. On August 21, 2006, the court sentenced Jenkins to 120 months' imprisonment for count one and 168 months' imprisonment for count two, to run concurrently [D.E. 47–48]. Jenkins did not appeal. On June 16, 2008, Jenkins filed a motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582 [D.E. 50]. On January 2, 2009, Jenkins filed an initial motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 51]. On June 1, 2009, the court denied Jenkins's section 3582 motion [D.E. 63]. On September 30, 2009, the court granted Jenkins's request to withdraw his initial section 2255 motion [D.E. 70–71].

In his current section 2255 motion, Jenkins seeks relief on three grounds. First, Jenkins asks the court to reduce his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"). See Mot. Vacate [D.E. 75] 5. The FSA applies to defendants sentenced after August 3, 2010. Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). Because the court sentenced Jenkins on August 21, 2006, the FSA is inapplicable. See, e.g., United States v. Bullard, 645 F.3d 237, 246–49 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). Thus, the court rejects this argument.

Second, Jenkins contends that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the court improperly imposed a sentencing enhancement for committing his drug offense "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b); see Mot. Vacate 4, 11. Jenkins is mistaken. The court never imposed a sentencing enhancement under 21 U.S.C. § 841 for having a prior felony drug conviction; rather, the court sentenced Jenkins as a career offender under U.S.S.G. § 4B1.1. See, e.g., Presentence Report ¶ 59; Gov't Resp. [D.E. 79] 6 ("[Jenkins] was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1."). Thus, the court rejects this argument.

Third, Jenkins argues that the court improperly classified him as a career offender because, under Simmons, he now lacks two predicate felony convictions. See Mot. Vacate 8. Even assuming Simmons applies retroactively, Jenkins is not entitled to relief. To be classified as a career offender, Jenkins must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). "The term 'controlled substance offense' means an

2

offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits ... the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." Id. § 4B1.2(b). Moreover, "two prior felony convictions" means, inter alia, "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of [U.S.S.G.] § 4A1.1(a), (b), or (c)." Id. § 4B1.2(c).

As stated in the presentence report ("PSR"), Jenkins has three North Carolina convictions for possession with intent to manufacture, sell, and deliver cocaine. See PSR ¶¶ 28, 32–33. According to Simmons, when a sentencing court is determining whether a prior conviction is a felony, the court must look to the maximum sentence that could have been imposed based on the defendant's actual prior record level. See 649 F.3d at 243. Here, Jenkins's last two possession convictions were Class H felonies and, at the time of his state sentencing, Jenkins had a prior record level of IV. See Gov't Resp., Ex. A [D.E. 79-1] (state judgment); see also PSR ¶¶ 32–33. Accordingly, the maximum sentence Jenkins could have received for his last two possession convictions was 14 months. See, e.g., Gov't Resp., Ex. A; N.C. Gen. Stat. § 15A-1340.17(c)–(d) (2001); PSR ¶¶ 32–33. Moreover, even though Jenkins's sentences for these two offenses were consolidated, see PSR ¶¶ 32–33, the offenses are counted separately because the offenses were separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2); United States v. Nelson, 433 F. App'x 183, 185 (4th Cir. 2011) (per curiam) (unpublished); United States v. Smith, 344 F. App'x 856, 858–59 (4th Cir. 2009) (per curiam) (unpublished). Accordingly, even assuming Simmons applies retroactively, Simmons provides no relief to Jenkins.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Jenkins's claims debatable or wrong, and none of the issues are adequate to deserve encouragement

3

to proceed further. See 28 U.S.C. § 2253(c).

Therefore, the court DENIES Jenkins's motion to vacate, set aside, or correct his sentence [D.E. 75]. The court also DENIES a certificate of appealability. The Clerk of Court shall close the case.

SO ORDERED. This 27 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge